# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

**RICHARD POULSON,**
**PLAINTIFF,**

**v.**

**GIGAPARTS, INC.,**
**DEFENDANT.**

**Case No.:**

**Jury Trial Demanded**

**COMPLAINT**

## I.   JURISDICTION

1.   This is a suit authorized and instituted under the Age Discrimination in Employment Act, 29 U.S.C. § 621, 626(d)(1), et seq. (ADEA).

2.   The plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). The plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## II.   PARTIES

3.   The plaintiff, ("The plaintiff" or "Poulson") is a resident of Huntsville, Madison County, Alabama, and performed work for the defendant in the counties composing the Northern District of Alabama during the events of this case.  Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the Northeastern Division.

4. At all times relevant to the allegations in this Complaint, the plaintiff was over the age of forty (40).

5. The defendant ("The defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama. It is subject to service of process in Alabama.

6. The defendant employed at least fifteen (20) people during the current or preceding calendar year.

## III. FACTS

1. Richard Poulson began working for the Defendant as a Warehouse Manager on or about July 13, 2023.

2. Poulson is 72 years old.

3. The company has a policy that every employee will receive a 90-day review.

4. Poulson never received a 90-day review.

5. When Poulson was originally hired, he reported to the company's COO/CFO, Scott Wilhelm.

6. Wilhelm never gave Poulson any negative feedback about his performance.

7. In or around January 2024, Blake Burns became Poulson's manager.

8. Burns is substantially younger than Plaintiff.

9. All the other people who reported to Burns were significantly younger than Poulson.

10. When Burns became the manager, he began to convene weekly meetings with Tyler Swindell, Dilina Jones, and Micah Franklin.

11. Poulson was excluded from the meetings.

12. Poulson's department was responsible for receiving, stocking, and shipping products in the warehouse.

13. Poulson's employees would routinely process between 200 to 500 orders per day depending on the day, with the highest volume day of the week being Monday.

14. Throughout the time that Poulson was the Warehouse Manager the shipping accuracy statistics were typically 98% or better.

15. The company employed Tyler Dean, who is roughly 25 years old as a part-time Warehouse Associate.

16. Dean has a cognitive impairment.

17. Soon after Poulson arrived, he noticed that Dean was somewhat prone to errors.

18. In fact, shortly after Poulson arrived Dean was involved in an incident where he engaged in a series of outbursts after being told that he made an error.

19. After Poulson noticed the errors, he reported the issue to Human Resources and asked whether he could arrange a meeting with Dean's parents to determine how to effectively communicate with Dean when he was triggered and also to find a way to communicate with him so that he was able to learn from the errors.

20. The company declined Poulson's request.

21. Poulson also pointed out the errors that were being committed by Dean.

22. However, company leadership would not entertain redirecting Dean or disciplining him for the mistakes that he was making.

23. Micah Franklin was working as a space planner managing a project to plan for the new store.

24. The work on that store was completed at some time in June 2024.

25. On or about June 24, 2024, Burns wrote Poulson up for a mis-shipped item.

26. Dean was the person who mis-shipped the item.

27. When the error was made, Poulson was given a written warning for the error even though he had been prevented from addressing the error with Dean.

28. On or about July 15, 2024, Plaintiff was terminated after there was another error.

4

29. Poulson was replaced by Franklin, a person who was substantially younger, whose main responsibilities as a space planner had concluded.

## IV.   COUNT I: ADEA -TERMINATION

7. At all times relevant to the allegations in this Complaint, the plaintiff was over the age of forty (40).

8. The defendant hired the plaintiff on or about July 17, 2023.

9. The defendant's employee, Blake Burns, terminated the plaintiff's employment on or about July 15, 2024.

10. When the defendant terminated his employment, the plaintiff was over forty (40) years of age and substantially older than his replacement Micah Franklin.

11. The defendant's actions in terminating the plaintiff's employment, while replacing him with a lesser-qualified employee under age 40, violated the ADEA.

12. The defendant's actions in terminating the plaintiff's employment, while retaining substantially younger employees, violated the ADEA.

13. Because of the defendant's violation of ADEA, the plaintiff has been damaged, suffering loss of pay and benefits.

## V.  PRAYER FOR RELIEF

**WHEREFORE, the plaintiff respectfully prays for the following relief:**

A. Grant the plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting with the defendant and at the defendant's request from continuing to violate the terms of the Age Discrimination in Employment Act.

B. Enter an Order requiring the defendant to make the plaintiff whole by awarding reinstatement to the position he would have had, had he not been terminated;

C. Award the plaintiff back pay, with employment benefits, front pay, liquidated damages; and/or nominal damages;

D. Attorneys' fees and costs;

E. The plaintiff requests that the Court award the plaintiff equitable relief as provided by law; and,

F. Any different or additional relief as determined by the Court to which the plaintiff is entitled.

DATED: January 3, 2025

**JURY TRIAL DEMANDED**

/s/ *Kira Fonteneau*

Kira Fonteneau ASB 7338-k58f

Counsel for Richard Leon Poulson

**OF COUNSEL:**

The Workers Firm LLC
2 North 20th St, Suite 900
Birmingham, AL 35203
kira@theworkersfirm.com